# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1998 SESSION



**FILED**

**August 20, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9710-CC-00397 |
| | ) | |
| vs. | ) | Hardeman County |
| | ) | |
| **PATRICIA MORRIS,** | ) | HON. JON KERRY BLACKWOOD, |
| | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Forgery) |
| | ) | |

FOR THE APPELLANT:

HARRIET S. THOMPSON
101 W. Market Street
P.O. Box 331
Bolivar, TN 38008

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

JERRY NORWOOD
Assistant Dist. Attorney General
302 Market Street
Somerville, TN 38068

**OPINION FILED:** _____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

**OPINION**

The defendant, Patricia Morris, appeals the Hardeman County Circuit Court's sentencing determinations in six counts of forgery. The defendant pleaded guilty in counts (1), (2), and (3) of the indictment to forgery involving sums less than $500 and in counts (4), (5), and (6) to forgery involving sums between $1,000 and $10,000. The trial court accepted the pleas on all counts on October 2, 1997, conducted the sentencing hearing on the same date, and imposed the following sentences:

|  |  |  |
|---|---|---|
| Counts 1 - 3 | Class E | 2 years each, concurrent; |
| Counts 4 - 6 | Class D | 4 years each, concurrent. |

The defendant was sentenced as a Range II multiple offender. The effective two-year sentence for counts 1 - 3 runs consecutively to the effective four-year sentence for counts 4 - 6, for an aggregate effective sentence of six years; however, the trial court ordered split confinement with respect to the two-year sentences. It suspended the balance of the two-year sentences after the defendant serves nine months in confinement. The four-year sentences were totally probated. These sentences run consecutively to unexpired sentences which were previously imposed in Hardin County. The trial court ordered the payment of restitution in the amount of $3,637.00. In this direct appeal, the defendant complains that full probation should have been granted and that the sentences imposed were excessive. After review of the record on appeal, including the briefs of the parties, the transcript of the sentencing hearing, the presentence report, and a report submitted by Corrections Management Corporation, we affirm the judgment of the trial court.

The defendant pleaded guilty to the charged offenses which included the forgery of checks in the amounts of $150, $300, $447.19, $2,500, and two for $1,500 each. At the time of sentencing, defendant was 30 years old, married, and a mother of three children aged two-years, one-year and one-month. She testified that her history of writing forged and worthless checks was the result of previous drinking and financial problems. Her history of check-writing offenses includes two 1997 misdemeanor convictions in Hardeman County, a third misdemeanor in 1994

2

in Madison County, a fourth misdemeanor in 1992 in McNairy County, a fifth and sixth misdemeanor in 1992 in Hardin County, a 1994 felony in Madison County, and a 1992 felony in Hardin County. At least two of the misdemeanor sentences were fully probated, and split confinement was ordered in other cases. Probation in Hardin County was revoked on February 13, 1995. Based upon testimony given at the sentencing hearing, the defendant remained on probation in Hardin County when the offenses in the present case were committed. Furthermore, it appears that previous to the offenses in the present case, the defendant twice offended while on probation from prior convictions.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Initially, we note that the trial court made pertinent references to the principles of sentencing contained in the Sentencing Reform Act and made detailed findings of fact which support its sentencing determinations. As such, the trial court's judgment is presumptively correct. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Also, we find that the 1992 Hardin County felony conviction and the 1994 Madison County felony conviction, both for forgery, constitute two prior felony

convictions which serve as predicates for the trial court declaring the defendant a Range II multiple offender.

The trial court found three enhancement factors applicable. It found that the defendant had a prior history of criminal convictions or behavior in addition to that necessary to establish the sentencing range, that the February 13, 1995 revocation of probation in Hardin County illustrated the defendant's unwillingness to comply with sentences involving release in the community, and that the present offenses were committed while the defendant was on probation on a felony offense in Hardin County. See Tenn. Code Ann. § 40-35-114(1), (8), (13) (1997). The court also found that the offenses were mitigated because the defendant's conduct neither caused nor threatened serious bodily injury and because the defendant admitted her guilt. See Tenn. Code Ann.§ 40-35-113(1), (13) (1997). Further, the court found that the enhancement factors outweigh the mitigating factors.

The record supports the above findings. The defendant maintains that the trial court erred in not considering in mitigation the defendant's willingness to make restitution and her motivation in attempting to provide necessities for her family.

If, by her reference to her willingness to make restitution, the defendant is referring to the statutory mitigation factor set forth in Tennessee Code Annotated section 40-35-113(5) (1997), the record does not support the claim. Mitigating factor (5) applies when the defendant, before detection, "compensated or made a good faith attempt to compensate the victim" for the damage or injury the defendant caused. Tenn. Code Ann. § 40-35-113(5) (1997). The record reveals no pre-detection attempt to compensate any victim. The defendant makes a point, however, if her argument is submitted in the context of the catch-all factor, see Tenn. Code Ann. § 40-35-113(13) (1997) (any other mitigating factor consistent with the purposes of the sentencing code), because her promise to pay restitution

is buttressed by her successful payment of restitution in some of the previous cases that were identified in her record of convictions. However, in light of the applicable enhancement factors, the mitigating factor is not of consequential weight.

We find that mitigating factor (7) does not apply. See Tenn. Code Ann. § 40-35-113(7) (1997). There was no proof that the defendant was motivated in committing the offenses by a desire to provide necessities for herself and her family. She testified that the offenses were the result of financial problems, but she offered no testimony nor any other proof that any family exigency attended the commission of these crimes. Moreover, we note that the three checks upon which counts (4), (5) and (6) were based were made payable to the defendant and totaled $5,500 in amount.

The defendant's other complaint about the sentences imposed by the trial court is that probation should have been granted or that the period of confinement should have been less than nine months.

The defendant stood before the trial court presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6) (1997). She was eligible for probation. Tenn. Code Ann. § 40-35-303(a) (1997). The defendant received the benefit of a sentencing alternative in that the trial court ordered split confinement. See Tenn. Code Ann. § 40-35-104(c) (1997); see also State v. David E. Johnson, No. 02C01-9609-CR-00305, slip op. at 4 (Tenn. Crim. App., Jackson, Aug. 22, 1997); State v. Judy R. Bailey, No. 03C01-9706-CC-00204, slip op. at 6 (Tenn. Crim. App., Knoxville, Feb. 4, 1997). Moreover, we note that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." See Tenn. Code Ann. § 40-35-103(1)(C) (1997). Such a finding overcomes the presumption of suitability for alternative sentencing.

Finally, the defendant's claim to probation must fail. The burden rests

5

upon the defendant to show that she merits probation.  State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995).  Although this court is sympathetic to the defendant's plight as a mother of three small children and is even more sympathetic to the plight of these children, this circumstance does not establish suitability for probation where the defendant's proclivity to check-writing offenses is chronic and, to date, intractable.  In short, there is nothing in the record that overcomes the presumption that the trial court's split confinement sentence is correct.

The judgment of the trial court is affirmed.


_____
CURWOOD WITT, JUDGE


CONCUR:



_____
JOE G. RILEY, JUDGE



_____
ROBERT W. WEDEMEYER, SPECIAL JUDGE